UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ABBAS RAZA,

                                              Petitioner,

                                              v.

MATTHEW WHITAKER,
Acting Attorney General of the United States, et al.,

                                              Responsents.
_____

                                            <u>DECISION AND ORDER</u>

                                            18-CV-6824L

## INTRODUCTION

Abbas Raza ("Raza" or "Petitioner"), a citizen of Pakistan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention by the United States Department of Homeland Security ("DHS") and seeking an order releasing him from custody.

Raza states that he entered the United States from Pakistan in 1991. He alleges that he entered on a visitor visa, but also that he used someone else's passport. (Dkt. #1 ¶ 11.) Raza does not seem to deny that he has been living in this country illegally for some years.

In 2006, petitioner was convicted in New York state court of armed robbery in the Second Degree, and in 2011 and 2016 of driving while intoxicated. In July 2007, he became the subject of a final order of removal issued by an immigration judge. *See* Dkt. #10-2 at 10.

On May 29, 2018, upon the completion of his most recent New York sentence, petitioner was taken into DHS custody. He has been in DHS custody since then.

Respondents (collectively, "the Government") state that DHS has been working with the government of Pakistan to effectuate Raza's return there. The Government states that "DHS expects that Petitioner will be removed from the United States in the reasonably foreseeable future." (Dkt. #10 ¶ 31.)

In this action, Raza argues that his continued detention is unreasonable and unlawful. He seeks an order requiring the Government to promptly release him from custody, and ordering the Attorney General not to remove him from the jurisdiction of this Court while this matter is pending.

## DISCUSSION

Section 1231 of Title 8 provides for a 90-day period following an order of removal during which the Attorney General shall remove the alien who is subject to the removal order. *See Hechavarria v. Sessions*, 891 F.3d 49, 54 (2d Cir. 2018). After the expiration of the 90-day removal period, "the Government 'may' continue to detain an alien who still remains here or release that alien under supervision." *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) (quoting 8 U.S.C. § 1231(a)(6)).

Section 1231(a)(6) includes an implicit limit on "an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." *Id.* at 689. In *Zadvydas*, the Supreme Court held that a detention period of up to six months is presumptively reasonable. *Id.* at 701. Once that period has passed, an alien bringing a claim bears the initial burden of showing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If the

alien makes such a showing, "the [g]overnment must respond with evidence sufficient to rebut that showing." *Id.*

The statute defines the beginning of the removal period as occurring on the latest of: the date the order of removal becomes administratively final; if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; and if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. 9 U.S.C. § 1231(a)(1)(A).

Raza was taken into DHS custody on May 29, 2018, upon his release from state confinement. At that time, he was an alien subject to a final order of removal. Raza has thus been in DHS custody for longer than the presumptively reasonable six-month period.

In a letter dated September 7, 2018, DHS informed petitioner that U.S. Immigration and Customs Enforcement ("ICE") had reviewed Raza's custody status, and determined that he would not be released from custody. (Dkt. #10-2 at 4.) The letter detailed DHS's reasons for that determination, primary among them Raza's "wanton disregard for the laws of the United States." *Id.* at 6.

In response to Raza's petition, the Government has submitted evidence detailing further proceedings relative to his status, and DHS's ongoing efforts to effectuate Raza's removal to Pakistan. According to Deportation Officer Anthony Coker (Dkt. #10-1), DHS officers conducted an in-person interview with petitioner on December 4, 2018, after which they decided that petitioner's detention should continue. *See* Anthony Coker Decl. (Dkt. #10-1) ¶¶ 30, 31; Dkt. #10-2 at 2. Coker also states that "there is no institutional barrier to Petitioner's removal to Pakistan," and that "[b]ased upon the history of removals to Pakistan and the circumstances of

Petitioner's case, DHS expects that Petitioner will be removed from the United States in the reasonably foreseeable future." Coker Decl. ¶¶ 32, 34.

Having reviewed both sides' submissions, I conclude that petitioner is not entitled to relief at this time. But that does not mean that the Government can keep him in custody indefinitely.

As stated, a six-month period of detention is "presumptively reasonable," but the Supreme Court in *Zadvydas* did not establish a bright-line rule. In other words, a period of detention does not automatically become *un*reasonable the day after six months have elapsed. The more time passes, the more the burden shifts to the government to show a likelihood that the petitioner will be removed in the near future. *See Hassoun v. Sessions*, No. 18-CV-586, 2019 WL 78984, at *4 (W.D.N.Y. Jan. 2, 2019). In effect, *Zadvydas* creates a sliding scale, such that "the longer the detention stretches, the more imminent removal must be to justify further confinement." *Zadvydas*, 533 U.S. at 701.

Based on the parties' submissions, the Court concludes that the Government has met its burden to show a significant likelihood that petitioner will be removed from the United States in the reasonably foreseeable future. But cognizant of the fact that "the government's burden becomes more onerous the longer an alien is detained," *Hassoun*, 2019 WL 78984, at *5, the Court will direct the Government to keep the Court apprised of petitioner's status, as set forth in the Conclusion, below.

## CONCLUSION

Petitioner's petition for a writ of habeas corpus (Dkt. #1) is hereby denied at this time, without prejudice.

Respondents are directed to submit to the Court, no later than ninety (90) days after the date of issuance of this Decision and Order, a report on petitioner's status with respect to his custody and removal from the United States. If any material changes occur prior to the expiration of that ninety-day period, respondents should inform the Court of those changes as soon as is practicable. If, at the end of that ninety-day period, petitioner's status has not materially changed, on application the Court will revisit the issue of whether he is entitled to relief.

The Clerk of the Court is directed to keep this case open, pending further order of the Court.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
April 12, 2019.